

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES E. CRABTREE, )
                        Petitioner, )
                        )
v. )   Case No. CIV 13-139-RAW-KEW
                        )
JERRY CHRISMAN, Warden, )
                        Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is challenging the execution of his two consecutive 150-year sentences in Tulsa County District Court Case Number CRF-1995-4724 for two counts of Sexual Abuse of a Minor.

Petitioner alleges that the retroactive application of the 1998 amendment to Okla. Stat. tit. 57, § 332.7, violates the Ex Post Facto Clause and his right to due process. He complains that prior to the amendment, his parole consideration was annual, but under the amendment he is considered every three years. He also asserts his right to due process is being violated, because he is not allowed to address the Pardon and Parole Board personally.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Applying the statute to petitioner's case, the limitation period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Therefore, the limitation period began when petitioner became aware of the change in his parole reconsideration and of the policy providing for an annual jacket review instead of a personal appearance before the Pardon and Parole Board.

Petitioner alleges in the brief in support of his habeas petition, that in July 2010, he had a parole review under the statute in question. (Docket No. 2 at 24). This date is confirmed by the letter to petitioner from the General Counsel of the Oklahoma Pardon and Parole Board, stating that petitioner was notified of his July 2010 hearing date when he was received by the Department of Corrections on April 3, 1997. (Docket No. 11-2). Petitioner was denied parole in July 2010 and was re-docketed for July 2013, pursuant to statute. *Id.* Therefore, his deadline for filing this habeas corpus petition was in July 2011, one year after he initially was denied parole. This petition, however, was not filed until April 1, 2013, and petitioner has not demonstrated he is entitled to statutory or equitable tolling of the limitation period. Therefore, the petition is untimely.

**ACCORDINGLY,** the respondent's motion to dismiss time-barred petition (Docket No. 10) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 25th day of March 2014.

*Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE